# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY B. OLOPADE, | ) |
| Plaintiff, | ) Civil Action No. 13-1063 |
| v. | ) Judge Cathy Bissoon |
| ERIC HOLDER, JR., *U.S. Attorney General, et al.*, | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that fails to state a claim upon which relief may be granted. Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. Nov. 8, 2012) (citation omitted).

In an Order dated July 23, 2103, this Court held, and Plaintiff has not since contested, that his action cannot proceed under 28 U.S.C. § 2241 because he is not seeking release from custody. *See* Doc. 2 at 1. Thus, Plaintiff's only remaining claim is his request for a judicial declaration under 8 U.S.C. § 1503. *See generally* Doc. 1. In relevant part, that statute states:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action . . . for a judgment declaring him to be a national of the United States, except that no such action may be instituted . . . if the issue of such person's . . . national[ity] . . . arose . . . in connection with any removal proceeding . . . .

8 U.S.C. § 1503(a) (emphasis added).

In his Complaint, Plaintiff avers that the Department of Homeland Security "ordered him deported to Nigeria around October[] 1998." Doc. at 2. Plaintiff claims that, subsequently, he filed a motion to reopen those proceedings, and that the motion to reopen was granted in April 2003. *Id.* Upon the purported reopening, however, Plaintiff was unsuccessful on the merits. *See id.* at 2-3. In this case, Plaintiff attempts to revisit the determinations made in the aforementioned proceedings. *See id.* at 2-5.

Although not a part of Plaintiff's pleadings, nor necessary to the instant Order of Dismissal, the Court takes judicial notice of a ruling by the Board of Immigration Appeals ("BIA"), against Plaintiff, dated September 21, 2010:

> This case was last before us on June 4, 2007, at which time we denied [Plaintiff's] motion to reconsider our previous March 22, 2007, denial of his motion to reopen proceedings.
>
> [Plaintiff] has now filed an untimely . . . motion to reopen proceedings . . . . [Plaintiff] argues that his proceedings should be terminated because he is a United States citizen. He has submitted, inter alia, a copy of a Nigerian Birth Registration form from the Lagos Island, Local Government, indicating that he was born on October 7, 1961. [Plaintiff] has also submitted a June 22, 1989, request for further information regarding [Plaintiff's] N-400 application, and a July 2, 2003, letter from Lewis C. Brodsky, Acting Director of the Selective Service System, indicating [Plaintiff's] registration status.
>
> [Plaintiff] made [] similar claim[s] in a motion to reopen before the Immigration Judge, which was denied on April 17, 2003. We dismissed [Plaintiff's] appeal from this decision on May 12, 2004, and [Plaintiff] has provided no evidence [that] would persuade us to revisit our previous findings on this matter. Accordingly, [Plaintiff's] motion [is] denied . . . .

<u>In re</u>: Anthony Olopade, 2010 WL 4035443 (BIA Sept. 21, 2010); *cf. also generally* <u>Dean v. Holder</u>, 2010 WL 5176819, *2 n.2 (10th Cir. Dec. 22, 2010) (court may take judicial notice of public records, including BIA decisions) (citation omitted); <u>Martinez-Jaramillo v.</u>

Thompson, 2005 WL 96538, *1 & n.2 (9th Cir. Jan. 19, 2005) (holding same). The Court also takes judicial notice of Plaintiff's prior lawsuit in the United States District Court for the Northern District of Ohio, in which materially similar requests and theories were rejected as meritless. *See* Doc. 8 in Olopade v. Ashcroft, Civil Action No. 4:04-cv-0035 (N.D. Ohio Apr. 5, 2004) (dismissing Plaintiff's claim under 8 U.S.C. § 1503(a)).

Here, Plaintiff presents the same evidence and makes the same arguments as he did before the BIA and in the Northern District of Ohio. The only plausible reading of Plaintiff's allegations is that he challenges unfavorable decisions in his removal proceedings. *See* discussions *supra*. Section 1503(a) precludes his claims, and he has failed to state grounds upon which relief may be granted.

Accordingly, Plaintiff's action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii). Given the nature of Plaintiff's claims, amendment of his pleadings would be futile, and, therefore, dismissal is made **WITH PREJUDICE**. *See* Mehta v. City of Jersey City, 2010 WL 95058, *1 (3d Cir. Jan. 12, 2010) (applying futility standard within context of Section 1915(e)).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order of Dismissal would not be taken in good faith.

IT IS SO ORDERED.

October 31, 2013        s\Cathy Bissoon
       Cathy Bissoon
       United States District Judge

cc (via First-Class U.S. Mail):

Anthony B. Olopade
03406-070
Unit B
MVCC
555 I Geo Drive
Philipsburg, PA 16866